UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>    PLAINTIFF,<br><br>    V.<br><br>OFFICER LATHAM, OFFICER ZINGRE, OFFICER TISON, CITY OF KANKAKEE, CORRECTIONAL OFFICER JEREMY MOST, KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI, and KANKAKEE COUNTY,<br><br>    DEFENDANTS. | Case No: 14 CV 2155<br><br>Judge Colin Sterling Bruce<br>Magistrate David G. Bernthal |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, ANTHONY JOHNSON (hereinafter "PLAINTIFF"), by and through one of his attorneys, Jeffrey B. Segall, Esq., from The Blake Horwitz Law Firm, Ltd., pursuant to this Amended Complaint, against the above named Defendants OFFICER LATHAM, OFFICER ZINGRE, OFFICER TISON, the CITY OF KANKAKEE, CORRECTIONAL OFFICER JEREMY MOST, KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI, and KANKAKEE COUNTY, and states as follows:

### I.   JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

1

## II.  PARTIES

2. PLAINTIFF, ANTHONY JOHNSON, is a resident of the State of Illinois, and of the United States.

3. DEFENDANT, OFFICER LATHAM, was at all times material and relevant hereto employed by and acting on behalf of the DEFENDANT CITY OF KANKAKEE.

4. DEFENDANT, OFFICER ZINGRE, was at all times material and relevant hereto employed by and acting on behalf of the DEFENDANT CITY OF KANKAKEE.

5. DEFENDANT, OFFICER TISON, was at all times material and relevant hereto employed by and acting on behalf of the DEFENDANT CITY OF KANKAKEE.

6. DEFENDANT, CITY OF KANKAKEE, is a duly incorporated municipal corporation.  At all times material and relevant to this Amended Complaint, the DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the DEFENDANT CITY OF KANKAKEE.

7. Pursuant to 745 ILCS 10/2-302, the DEFENDANT CITY OF KANKAKEE is a duly constituted local public entity, and is liable for any judgment entered against DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON arising out of their employment.

8. DEFENDANT, CORRECTIONAL OFFICER JEREMY MOST, was at all times material and relevant hereto employed by and acting on behalf of the DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI and DEFENDANT KANKAKEE COUNTY.

9. DEFENDANT, KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI, was, at all times material and relevant to the Amended Complaint, the Sheriff of DEFENDANT KANKAKEE COUNTY, and the supervisor of Jerome Combs Detention Center ("Detention Center").

10. Pursuant to 745 ILCS 10/2-302, DEFENDANT KANE COUNTY SHERIFF TIMOTHY BUKOWSKI is liable for any judgment entered against DEFENDANT CORRECTIONAL OFFICER JEREMY MOST arising out of his employment.

11. Pursuant to 745 ILCS 10/2-302, DEFENDANT KANKAKEE COUNTY is a duly constituted local public entity, and is liable for any judgment entered against DEFENDANT CORRECTIONAL OFFICER JEREMY MOST arising out of his employment.

### III. FACTS

12. On February 18, 2014, DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON were dispatched to the residence of Ray Norrick, located at 557 North Washington Avenue, Kankakee, Illinois, to investigate a broken window.

13. The PLAINTIFF resides at 543 North Washington Avenue, Kankakee, Illinois.

14. The PLAINTIFF is Ray Norrick's next-door neighbor.

15. The PLAINTIFF was standing outside his house when DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON arrived at the scene.

16. Ray Norrick informed DEFENDANT OFFICER LATHAM that one of the windows in his house broke because someone was throwing snowballs at it.

17. On February 18, 2014, the PLAINTIFF was not at any time the focus or subject of the investigation that occurred at Ray Norrick's residence.

18. DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON lacked any reasonable suspicion that the PLAINTIFF threw snowballs at Mr. Norrick's house and broke his window.

19. DEFENDANT OFFICER LATHAM approached the PLAINTIFF and informed him that there was a warrant out for his arrest that was unrelated to the snowball incident.

20. Alternatively, DEFENDANT OFFICER ZINGRE approached the PLAINTIFF and informed him that there was a warrant out for his arrest that was unrelated to the snowball incident.

21. Subsequently, DEFENDANT OFFICER LATHAM came into physical contact with the PLAINTIFF.

22. DEFENDANT OFFICER LATHAM struck the PLAINTIFF with his hands.

23. DEFENDANT OFFICER LATHAM handcuffed the PLAINTIFF.

24. DEFENDANT OFFICER LATHAM forced the PLAINTIFF to the ground.

25. While the PLAINTIFF was on the ground, DEFENDANT OFFICER LATHAM pressed his knee onto the PLAINTIFF'S back.

26. DEFENDANT OFFICER ZINGRE and DEFENDANT OFFICER TISON were present when DEFENDANT OFFICER LATHAM used unreasonable force unto the PLAINTIFF and could have intervened, but failed to do so.

27. DEFENDANT OFFICER ZINGRE and DEFENDANT OFFICER TISON were present when DEFENDANT OFFICER LATHAM came into physical contact with the PLAINTIFF and could have intervened, but failed to do so.

28.   DEFENDANT OFFICER LATHAM arrested the PLAINTIFF for resisting arrest and obstruction of justice.

29.   On February 18, 2014, the PLAINTIFF did not obstruct justice by DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON.

30.   On February 18, 2014, the PLAINTIFF did not batter and/or assault DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON.

31.   The show of force initiated by and/or failure to intervene in the use of said force by DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON was unreasonable.

32.   DEFENDANT OFFICER LATHAM and DEFENDANT OFFICER ZINGRE transported the PLAINTIFF to the Jerome Combs Detention Center.

33.   At the Detention Center, DEFENDANT CORRECTIONAL OFFICER JEREMY MOST demanded that the PLAINTIFF remove all of his clothes in the presence of female officers.

34.   When the PLAINTIFF refused to remove his clothes, DEFENDANT CORRECTIONAL OFFICER JEREMY MOST threatened the PLAINTIFF with a taser gun.

35.   As a result of DEFENDANT CORRECTIONAL OFFICER JEREMY MOST'S threats, the PLAINTIFF removed all of his clothing in the presence of the female officers.

36.   The strip search performed by DEFENDANT CORRECTIONAL OFFICER JEREMY MOST did not produce any weapons or contraband.

37. On February 18, 2014, the PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

38. All criminal charges filed against the PLAINTIFF as a result of this incident with DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON were dismissed.

39. As a direct and proximate result of one or more of the aforesaid acts or omissions of DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON, the PLAINTIFF suffered severe injuries to his body and was forced to undergo medical treatment, sustained medical bills, and will continue to sustain medical bills in the future.

40. On February 18, 2014, DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON were on duty at all times relevant to this Amended Complaint, and were duly appointed police officers for the DEFENDANT CITY OF KANKAKEE, and acting under color of law.

41. DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON engaged in the conduct complained of on said date, in the course and scope of employment, and while on duty.

42. On February 18, 2014, DEFENDANT CORRECTIONAL OFFICER JEREMY MOST was on duty at all times relevant to this Amended Complaint, and was a deputized police officer of DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI and DEFENDANT KANKAKEE COUNTY, and acting under color of law.

43. DEFENDANT CORRECTIONAL OFFICER JEREMY MOST engaged in the conduct complained of on said date, in the course and scope of his employment, and while on duty.

## COUNT I
### Excessive Force Claim Pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the U.S. Constitution
**(DEFENDANT OFFICER LATHAM)**

44. The PLAINTIFF re-alleges paragraphs 1-43 as though fully set forth herein.

45. The actions of DEFENDANT OFFICER LATHAM in using unreasonable force unto the PLAINTIFF amounted to an excessive use of force and violated the Fourth Amendment to the United States Constitution.

46. The aforementioned actions of DEFENDANT OFFICER LATHAM were the direct and proximate cause of the constitutional violations set forth above, and the PLAINTIFF'S damages.

WHEREFORE, the PLAINTIFF demands compensatory damages from DEFENDANT OFFICER LATHAM. The PLAINTIFF also demands punitive damages and costs and attorneys' fees against said DEFENDANT. The PLAINTIFF also demands whatever additional relief as this Court deems equitable and just.

## COUNT II
### Failure to Intervene Pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the U.S. Constitution
**(DEFENDANT OFFICER ZINGRE and DEFENDANT OFFICER TISON)**

47. PLAINTIFF re-alleges paragraphs 1-43 as though fully set forth herein.

48. The actions of DEFENDANT OFFICER ZINGRE and DEFENDANT OFFICER TISON in failing to intervene in the use of excessive force against the PLAINTIFF by

DEFENDANT OFFICER LATHAM violated the Fourth Amendment to the United States Constitution.

49.     The aforementioned actions of DEFENDANT OFFICER ZINGRE and DEFENDANT OFFICER TISON were the direct and proximate cause of the constitutional violations set forth above, and the PLAINTIFF'S damages.

   WHEREFORE, the PLAINTIFF demands compensatory damages from DEFENDANT OFFICER ZINGRE and DEFENDANT OFFICER TISON. The PLAINTIFF also demands punitive damages and costs and attorneys' fees against said DEFENDANTS. The PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
## False Arrest Pursuant to 42 U.S.C § 1983 and
## the Fourth Amendment to the U.S. Constitution
**(DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON)**

50.     PLAINTIFF re-alleges paragraphs 1-43 as though fully set forth herein.

51.     DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON arrested the PLAINTIFF without probable cause in violation of his rights under the Fourth Amendment to the United States Constitution.

52.     The aforementioned actions of DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON were the direct and proximate cause of the constitutional violations set forth above, and the PLAINTIFF'S damages.

   WHEREFORE, the PLAINTIFF demands compensatory damages from DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and

DEFENDANT OFFICER TISON.  The PLAINTIFF also demands punitive damages and costs and attorneys' fees against said DEFENDANTS.  The PLAINTIFF also demands whatever additional relief as this Court deems equitable and just.

### COUNT IV
### False Arrest- State Law Claim
### (DEFENDANT OFFICER LATHAM)

53. PLAINTIFF re-alleges paragraphs 1-43 as though fully set forth herein.

54. DEFENDANT OFFICER LATHAM arrested the PLAINTIFF without probable cause in violation of the Constitution of the State of Illinois, as well as Illinois law.

55. The aforementioned actions of the DEFENDANT OFFICER LATHAM were the direct and proximate cause of the state law violations set forth above, and the PLAINTIFF'S damages.

WHEREFORE, the PLAINTIFF demands compensatory damages from DEFENDANT OFFICER LATHAM.  The PLAINTIFF also demands punitive damages and costs and attorneys' fees against said DEFENDANT.  The PLAINTIFF also demands whatever additional relief as this Court deems equitable and just.

### COUNT V
### Battery- State Law Claim
### (DEFENDANT OFFICER LATHAM)

56. PLAINTIFF re-alleges paragraphs 1-43 as though fully set forth herein.

57. DEFENDANT OFFICER LATHAM offensively touched the PLAINTIFF, intentionally, without consent, and without justification.

58. The conduct of DEFENDANT OFFICER LATHAM was in violation of Illinois Law.

59. The aforementioned actions of DEFENDANT OFFICER LATHAM were the direct and proximate cause of the state law violations set forth above, and the PLAINTIFF'S damages.

WHEREFORE, the PLAINTIFF demands compensatory damages from DEFENDANT OFFICER LATHAM.  The PLAINTIFF also demands punitive damages and costs and attorneys' fees against said DEFENDANT.  The PLAINTIFF also demands whatever additional relief as this Court deems equitable and just.

## COUNT VI
### Intentional Infliction of Emotional Distress - State Law Claim
**(DEFENDANT OFFICER LATHAM)**

60. PLAINTIFF re-alleges paragraphs 1-43 as though fully set forth herein.

61. The actions of DEFENDANT OFFICER LATHAM, alleged above, were extreme and outrageous.  By and with these actions, DEFENDANT OFFICER LATHAM intended to cause or recklessly disregarded the probability that they would cause severe physical and emotional distress to the PLAINTIFF.

62. These actions, alleged above, directly and proximately caused severe emotional to the PLAINTIFF.

63. The actions of DEFENDANT OFFICER LATHAM, alleged above, violated Illinois law.

64. The actions alleged in this Count were undertaken with malice, willfulness, and reckless indifference to the rights of the PLAINTIFF.

WHEREFORE, the PLAINTIFF demands compensatory damages from DEFENDANT OFFICER LATHAM.  The PLAINTIFF also demands punitive damages

and costs and attorneys' fees against said DEFENDANT.  The PLAINTIFF also demands whatever additional relief as this Court deems equitable and just.

## COUNT VII
### Malicious Prosecution – State Law Claim
### (DEFENDANT OFFICER LATHAM)

65. PLAINTIFF re-alleges paragraphs 1-43 as though fully set forth herein.

66. DEFENDANT OFFICER LATHAM'S actions in maliciously commencing a criminal proceeding against the PLAINTIFF without probable cause amounted to malicious prosecution under Illinois law.

67. The aforementioned actions of DEFENDANT OFFICER LATHAM were the direct and proximate cause of the state law violations set forth above, and the PLAINTIFF'S damages.

WHEREFORE, the PLAINTIFF demands compensatory damages from DEFENDANT OFFICER LATHAM.  The PLAINTIFF also demands punitive damages and costs and attorneys' fees against said DEFENDANT.  The PLAINTIFF also demands whatever additional relief as this Court deems equitable and just.

## COUNT VIII
### Unlawful Strip Search Claim Pursuant to U.S.C. §1983 and
### the Fourth Amendment to the U.S. Constitution
### (DEFENDANT CORRECTIONAL OFFICER JEREMY MOST)

68. PLAINTIFF alleges paragraphs 1-43 as though fully set forth herein.

69. The actions of DEFENDANT CORRECTIONAL OFFICER JEREMY MOST in performing a strip search of the PLAINTIFF in front of female officers, absent probable cause or reasonable suspicion that the PLAINTIFF was in possession of weapons or contraband, amounted to a violation of the PLAINTIFF'S right to privacy under the Fourth Amendment of the United States Constitution.

70.    The aforementioned actions of DEFENDANT CORRECTIONAL OFFICER JEREMY MOST were the direct and proximate cause of the constitutional violations set forth above, and the PLAINTIFF'S damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT CORRECTIONAL OFFICER JEREMY MOST, and such other additional relief as this Court deems equitable and just.

### COUNT IX
### 745 ILCS 10/9-102 Claim
### (DEFENDANT CITY OF KANKAKEE)

71.    PLAINTIFF re-alleges paragraphs 1-67 as though fully set forth herein.

72.    DEFENDANT CITY OF KANKAKEE is the employer of DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON alleged above.

73.    DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON, as alleged above, committed the acts under color of law and in the scope of their employment with the DEFENDANT CITY OF KANKAKEE.

WHEREFORE, should DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON be found liable for any of the alleged counts in this cause, the PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANT CITY OF KANKAKEE pay the PLAINTIFF any judgment obtained against DEFENDANT OFFICER LATHAM, DEFENDANT OFFICER ZINGRE, and DEFENDANT OFFICER TISON as a result of this Amended Complaint.

## COUNT X
### *Monell* Claim Pursuant to 42 U.S.C. §1983
**(DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI)**

74. PLAINTIFF re-alleges paragraphs 1 through 43 and 68 through 70 as though fully set forth herein.

75. The unconstitutional strip search conducted by DEFENDANT CORRECTIONAL OFFICER JEREMY MOST was caused in part by the customs, policies and practices of DEFENDANT KANKAKEE COUNTY, as promulgated, enforced and disseminated by DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI.

76. As a matter of policy and practice, individual officers from the DEFENDANT KANKAKEE COUNTY and DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI are not trained on the unconstitutionality of stripping the clothing from an individual and leaving the individual unclothed during the duration of a strip search, while in full view of persons of the opposite sex.

77. Furthermore, DEFENDANT KANKAKEE COUNTY'S policy of requiring the strip search of arrestees at the Jerome Combs Detention Center is unreasonable under the Fourth Amendment.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT KANKAKEE COUNTY, and such additional relief as this Court deems equitable and just.

## COUNT XI
### *Monell* Claim Pursuant to 42 U.S.C. §1983
**(DEFENDANT KANKAKEE COUNTY)**

78. PLAINTIFF re-alleges paragraphs 1 through 43 and 68 through 70 as though fully set forth herein.

79. The unconstitutional strip search conducted by DEFENDANT CORRECTIONAL OFFICER JEREMY MOST was caused in part by the customs, policies and practices of DEFENDANT KANKAKEE COUNTY, as promulgated, enforced and disseminated by DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI.

80. As a matter of policy and practice, individual officers from the DEFENDANT KANKAKEE COUNTY and DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI are not trained on the unconstitutionality of stripping the clothing from an individual and leaving the individual unclothed during the duration of a strip search, while in full view of persons of the opposite sex.

81. Furthermore, DEFENDANT KANKAKEE COUNTY'S policy of requiring the strip search of arrestees at the Jerome Combs Detention Center is unreasonable under the Fourth Amendment.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT KANKAKEE COUNTY, and such additional relief as this Court deems equitable and just.

## COUNT XII
## 745 ILCS 10/2-302Claim
### (DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI)

82. PLAINTIFF re-alleges paragraphs 1 through 43 and 68 through 70 as though fully set forth herein.

83. DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI is the employer of DEFENDANT CORRECTIONAL OFFICER JEREMY MOST alleged above.

14

84. DEFENDANT CORRECTIONAL OFFICER JEREMY MOST committed the acts alleged above under color of law, while on duty, and in the scope of his employment by DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWKSI.

WHEREFORE, should DEFENDANT CORRECTIONAL OFFICER JEREMY MOST be found liable for any of the claims alleged in this Amended Complaint, the PLAINTIFF demands that, pursuant to 745 ILCS 10/2-302, DEFENDANT KANKAKEE COUNTY SHERIFF TIMOTHY BUKOWSKI pay to the PLAINTIFF any judgment obtained against DEFENDANT CORRECTIONAL OFFICER JEREMY MOST as a result of this Amended Complaint.

### COUNT XIII
### 745 ILCS 10/2-302 Claim
### (DEFENDANT KANKAKEE COUNTY)

85. PLAINTIFF re-alleges paragraphs 1 through 43 and 68 through 70 as though fully set forth herein.

86. DEFENDANT KANKAKEE COUNTY is the employer of DEFENDANT CORRECTIONAL OFFICER JEREMY MOST alleged above.

87. DEFENDANT CORRECTIONAL OFFICER JEREMY MOST committed the acts alleged above under color of law, while on duty, and in the scope of his employment by DEFENDANT KANKAKEE COUNTY.

WHEREFORE, should DEFENDANT CORRECTIONAL OFFICER JEREMY MOST be found liable for any of the claims alleged in this Amended Complaint, the PLAINTIFF demands that, pursuant to 745 ILCS 10/2-302, DEFENDANT KANKAKEE COUNTY pay to the PLAINTIFF any judgment obtained against DEFENDANT CORRECTIONAL OFFICER JEREMY MOST as a result of this Amended Complaint.

## **JURY DEMAND**

PLAINTIFF demands trial by jury.

                                              Respectfully submitted,

                                              s/_Jeffrey B. Segall_____
                                              Attorney for the Plaintiff

**The Blake Horwitz Law Firm, Ltd.**
111 W. Washington Ave. Ste. 1611
Chicago, Illinois 60602
Phone (312) 676-2100
Fax (312) 445-8741
bhorwitz@bhlfattorneys.com