### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| ANTHONY JOHNSON, | |
| PLAINTIFF, | |
| V. | Case No: 14 CV 2155 |
| | Judge Colin Sterling Bruce |
| OFFICER LATHAM and the CITY OF KANKAKEE, | Magistrate David G. Bernthal |
| DEFENDANTS. | |

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS
### Pursuant to Local Rule 56.1(b)(c)3

NOW COMES the Plaintiff, Anthony Johnson, by and through his attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm LTD., for his Statement of Material Facts in response to Defendants' Motions for Summary Judgment and Statements of Fact, states the following:

1. Plaintiff was standing on the curb outside his house when Officer Latham first approached him. (Exhibit A, Plaintiff's Dep. p. 38).

2. Officer Latham asked Plaintiff if he knew about the snowballs being thrown at Mr. Norrick's house, and Plaintiff replied "no." (Exhibit A, Plaintiff's Dep. p. 40).

3. Officer Latham did not ask for Plaintiff's name or date of birth in his initial conversation with Plaintiff. (Exhibit A, Plaintiff's Dep. p. 41, 52).

4. At this point, Officer Latham wrote in his police report that Plaintiff gave a date of birth August 4, 1966.  (Exhibit E, Defendant Latham's police report).

5. At this point, Officer Zingre wrote in his police report that Plaintiff gave a date of birth August 4, 1966. (Exhibit F, Defendant Zingre's police report).

6. At this point, Officer Tison wrote in his police report that Plaintiff gave a date of birth August 4, 1966. (Exhibit F, Defendant Tison's police report).

7. August 4, 1966 is not the date of birth of Plaintiff. (Exhibit A, Plaintiff's dep. P. 7).

8. Officer Latham then walked to his squad car while he and Officer Zingre called in a "local check on *an* Anthony Johnson." (Defendants' Ex. G, DVD Audio).

9. Dispatch asked Officers Latham and Zingre for an approximate age for Anthony Johnson. Officer Zingre replied "40." (Exhibit B, Zingre Dep. p. 117, Def. Ex. G, DVD Audio).

10. Dispatch related that there was an outstanding warrant for an Anthony R. Robert Johnson, date of birth August 4, 1966 and asked Defendant Officers if "that was their guy." (Def. Ex. G, DVD Audio).

11. Officer Zingre replied, "that's correct." (Def. Ex. G, DVD Audio).

12. Dispatch further related that the outstanding warrant was for Anthony R. Robert Johnson, born August 4, 1966 and that his height was 6' 1" and he weighed 285 pounds. (Def. Ex. G, DVD Audio).

13. At that time, Officer Latham emerged from the squad car and approached Plaintiff, who was still standing by the curb in front of his house. (Exhibit A, Plaintiff's Dep. p. 43).

14. Prior to being told he was under arrest, Plaintiff was peaceful and cooperative. (Exhibit C, Tison Dep, pp. 28-29).

15. Plaintiff told Defendant Latham that he didn't have any warrants, and asked Officer Latham how Latham would know that Mr. Johnson had warrants, if he never asked his name. (DSOF ¶ 32, Exhibit A, Plaintiff's Dep. p. 119).

16. At the time Defendant Latham arrested Plaintiff, he had still not yet asked Plaintiff his name or date of birth.  (Exhibit A, Plaintiff's Dep. p. 41, 52-53, 87).

17. Defendant Latham then grabbed Plaintiff's arm, slung him into the street, and wrestled him to the ground.  (Exhibit A, Plaintiff's Dep. p. 47).

18. While on the ground, Defendant Latham put his knee to Plaintiff's back and delivered at least five punches to Plaintiff's side and back (Exhibit A, Plaintiff's Dep. p. 48, 50).

19. While assaulting Plaintiff, Defendant Latham called a Plaintiff a "nigger" or "fucking nigger" over seven times. (Exhibit A, Plaintiff's Dep. p. 52).

20. At one point, while Plaintiff was insisting he did not have a warrant, Defendant Officer Latham replied "that's what's wrong with you niggers."  (Exhibit D, Tucker Deposition, p. 77, 85).

21. While Plaintiff was on the ground, he could hear his friends "hollering to leave him alone and that he didn't have any warrants." (Exhibit A, Plaintiff's Dep. p. 49)

22. After assaulting Plaintiff, Officer Latham forcefully escorted him across the street to his squad car. (Exhibit A, Plaintiff's Dep. p. 54).

23. Defendant Tison witnessed Officer Latham forcefully escort Plaintiff across the street to his squad car.  (Exhibit D, Tison Dep, p. 37).

24. Defendant Latham then slammed Plaintiff's chest on the trunk of his squad car twice, put his knee to Plaintiff's back and handcuffed Plaintiff. (Exhibit A, Plaintiff's Dep. p. 55-56).

25. Defendant Latham then forced Plaintiff towards the back seat of the car.  (Exhibit A, Plaintiff's Dep. p. 57).

26. With Plaintiff still insisting he did not have any warrants, Defendant Latham punched Plaintiff in the stomach, and forcefully put Plaintiff in the back seat. (Exhibit A, Plaintiff's Dep. pp. 57-58).

27. With Plaintiff's legs outside the car, Defendant Latham then slammed the car door on Plaintiff's legs. (Exhibit A, Plaintiff's Dep. pp. 57-58).

28. Plaintiff's friend, Darren Tucker heard Officer Latham use the word "nigger" during the time period referred to in Defendants' Statement of Facts #34.while standing approximately 20-30 feet away from Officer Latham and Johnson. (Exhibit D, Tucker Deposition, p. 77, 85).

29. At the time referred to in Defendants' Statement of Facts #34 and subsequent assault of Plaintiff, Officers Zingre and Tison were positioned closer to Officer Latham and Plaintiff than Plaintiff's friends. Officer Tison was approximately five feet from Zingre. (Exhibit C, Tison Dep, pp. 28-30).

30. Officer Tison witnessed the arrest of Plaintiff, the forceful escort of Plaintiff (Exhibit C, Tison Dep. pp. 34, 37)

31. Plaintiff witnessed Defendant Tison taser Porter Chandler while Plaintiff was handcuffed in the squad car. (Exhibit A, Plaintiff's Dep. pp. 61-63).

32. Officer Zingre witnessed Latham place Defendant under arrest and the forceful escort of Plaintiff. (Exhibit B, Zingre Dep p. 59, 62).

33. Officer Zingre was constantly looking back between Officer Latham/Plaintiff and the witnesses. (Exhbit B, Zingre Dep. p. 62).

34. Officer Zingre "looked back at Latham" and witnessed Plaintiff "twisting, turning and yelling" when Latham was escorting Plaintiff to his car. (Exhibit B, Zingre Dep. p. 61).

35. Officer Zingre attempted to stop Marcus Allen from recording the events. (Exhibit D, Tucker Deposition pp. 64, 69).

36. Officer Tison attempted to confiscate Marcus Allen's cell phone which he had recorded the events with. (Exhibit D, Tucker Deposition p. 69).

37. Plaintiff was not resisting at any point during the assault, nor did Defendant Latham tell Plaintiff to stop resisting at any point during the assault. (Exhibit A, Plaintiff's Dep. pp. 47, 49, 54).

38. Plaintiff estimates the time from after he was wrestled to the ground and punched at least five times to being forcefully escorted to Officer Latham's car spanned about two minutes. (Exhibit A, Plaintiff's Dep. p. 54).

39. Plaintiff was then brought to Jerome Combs Detention Center and "booked" for resisting or obstructing a police officer. (Exhibit E, Defendant Latham's police report, Exhibit F, Defendant Zingre's police report, Exhibit G, Defendant Tison's police report).

40. On February 18, 2014 there were street lights on Washington Street and a layer of snow on the ground to reflect the streetlight and moonlight. (See Def. Exhibit I, Squad Car DVD).

Respectfully submitted,

***s/ Blake Horwitz***
Attorney for Plaintiff

Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, LTD.**
111 W. Washington St., Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741